FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN H.,[1] <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, Acting Commissioner of Social Security,[2] <br><br> Defendant. | No.   1:24-cv-5086-EFS <br><br> **ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff Steven H. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred when evaluating the medical opinions and Plaintiff's reported pain, but the parties disagree about the appropriate remedy. Plaintiff seeks a remand for payment of benefits, while the

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." See LCivR 5.2(c).

[2] Carolyn Colvin is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), she is hereby substituted for Martin O'Malley as the Defendant.

ORDER - 1

Commissioner seeks a remand for further proceedings. The Court finds further proceedings are necessary.

## I.      Background

Plaintiff was born in 1968, has an 11th grade education with a history of special education classes, and struggles with pain in his neck and back and numbness in his hands.[3] In January 2012, he applied for supplemental security income, with an alleged onset date of June 1, 1995, but with the relevant period for evaluating disability onset beginning on the application date.[4] After benefits were denied, a hearing was held before an ALJ in 2014.[5]  During the 2014 hearing, Plaintiff testified that he lives with his parents, that his hands experience numbness, his neck and back hurt constantly, and his asthma is getting worse.[6] The ALJ denied Plaintiff's application; that denial was then set aside by the Appeals Council due to a need to reevaluate Plaintiff's hand symptoms.[7]

---

[3] AR 58–60.

[4] AR 532, 536 (clarifying that Plaintiff will accept a finding of disability as of the January 6, 2012 filing date as a fully favorable decision). *See also* AR 284–89, 556.

[5] AR 134–49.

[6] AR 41–46.

[7] AR 112–33.

A second ALJ hearing was held in 2016.[8] During the 2016 hearing, Plaintiff testified that he must take frequent breaks when performing daily activities and household chores, that he often fails to finish such activities, and that he needs frequent help from his father when mowing the lawn due to pain in his back and neck, along with pain and numbness in his hands.[9] The ALJ again denied benefits.[10] After the Appeals Council denied review, Plaintiff sought relief in federal district court.[11] The district court affirmed the ALJ's denial of benefits.[12] Plaintiff then appealed to the Ninth Circuit, which found error by the ALJ and remanded the matter back to the ALJ for a new hearing.[13]

ALJ Timothy Mangrum held a third administrative hearing in March 2024.[14] Following the hearing, the ALJ issued a partially favorable decision, based on a modified light-work RFC and that Plaintiff entered the advanced-age category

---

[8] AR 51–79.

[9] AR 72–73.

[10] AR 553–73.

[11] AR 574–82.

[12] AR 583–613 (E.D. Wash. case no. 4:19-cv-5257-EFS).

[13] AR 614–27 (9th Cir. Case no. 21-35022).

[14] AR 507–19.

on his 55th birthday on June 27, 2023.[15] The ALJ found that Plaintiff "was not disabled prior to June 27, 2023, but became disabled on that date and has continued to be disabled through the date of decision."[16] Plaintiff timely requests review of the ALJ's denial of benefits from January 6, 2012, to June 26, 2023.

## II.  Analysis

Plaintiff argues that a payment of benefits is warranted because the record reveals that he has been disabled since the application date, or at the very least he is limited to sedentary work, resulting in a finding of disabled pursuant to Medical-Vocational Rule 201.09 as of his 50th birthday in 2018. The Commissioner does not dispute that the ALJ must consider the opinions of Dr. Goodman and Ms. Moore and that the ALJ erred by not abiding by the Ninth Circuit's directives when evaluating Plaintiff's symptom claims. However, the Commissioner maintains that a remand for further proceedings, rather than a remand for benefits, is the proper remedy.[17] At this time, the Court agrees that a remand for further proceedings is the proper remedy—yet the Commissioner is cautioned that another failure to evaluate each of the medical opinions and/or to fairly consider Plaintiff's reported

---

[15] AR 515. *See* 20 C.F.R. § 416.963, & App. 2 to Subpt. P of 404 (Medical-Vocational Guidelines).

[16] AR 517.

[17] ECF No. 13 at 2.

symptoms may call for a payment of benefits, particularly after Plaintiff's 50th birthday.[18]

A.  **Remand Standard**

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[19] In comparison, in order for the court to consider remand for payment of benefits, three factors must be satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence . . . ; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[20]

If these factors are satisfied, the decision whether to remand for benefits or further proceedings is still within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[21]

---

[18] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

[19] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

[20] *Id.* at 1101.

[21] *Id.* at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

**B.  Remand Analysis**

The parties agree the second remand factor is satisfied because the ALJ failed to properly evaluate each of the medical opinions and to fairly evaluate Plaintiff's symptom reports as directed by the Ninth Circuit. Yet, the parties disagree as to whether the other two remand factors are satisfied, as the Commissioner points to conflicts between several medical opinions about Plaintiff's exertional abilities, ranging from one opinion that he has no limits to other opinions that he can only perform light work or sedentary work, or that he has a complete inability to sustain work.

At this time, the conflicting medical opinions about Plaintiff's exertional abilities, combined with the imaging and treatment records, which reflect that Plaintiff's cervical and lumbar impairments may have progressed since he filed for disability, require the ALJ to have another opportunity to evaluate each of the medical opinions pertinent to the period at issue. When evaluating the medical opinions, the ALJ is to consider not only the normal findings but also the abnormal findings pertaining to Plaintiff's lumbar and cervical spine tenderness and range of motion, gait, straight leg raises, et al.[22] Also, on remand, the ALJ must heed the

---

[22] *See, e.g.*, AR 452–54 (May 2015: limited range of motion in neck; positive sacroiliac joint tenderness bilaterally; pain with flexion, rotation, and extension of neck; tender paraspinal muscle; tender to palpation over lumbar spine; positive straight leg raise on the right); AR 496–97 (Sept. 2016: gait has limp on left side,

Ninth Circuit's directive: the incompatibility between Plaintiff's testimony and his daily activities, i.e., mowing the lawn, helping with chores, watching television and movies, and occasionally visiting friends, do not constitute specific, clear, and convincing reasons to discount his pain testimony.

///

//

/

---

tender cervical spine, moderate pain with neck motion, reduced neck extension, pain in left sacroiliac joint, positive straight leg raise on right side); AR 827–31 (Aug. 2017: midline and paraspinal cervical and lumbar tenderness, hyperresponsive to pain; moderate pain in cervical and lumbar spine with motion; normal gait; positive straight leg raise on right); AR 832–37 (unsteady gait, normal straight leg raise, tender cervical spine and mild pain with motion, lumbar motion mildly reduced, left hip tenderness and mild pain with motion, negative bilateral straight leg raise); AR 838–41 (May 2019: slightly limited range of motion in hips, noting that prior records indicate DDD of spine); AR 857–58 (June 2023: unable to walk a straight line, wide unsteady gait, positive bilateral straight leg raise, decreased range of motion in cervical spine, positive FABER bilateral). *See Smith v. Kijakazi*, 14 F.4th 1108, 1108–12 (9th Cir. 2021) (requiring the ALJ to evaluate whether a separate residual functional capacity assessment is necessary when the claimant's symptoms vary significantly during the relevant disability period).

### III. Conclusion

The parties agree the ALJ erred. The proper course is to remand for further proceedings, during which the ALJ must abide by court directives and engage in a full and fair evaluation of the record. Accordingly, **IT IS HEREBY ORDERED**:

1. The case caption shall be amended consistent with footnote 2.

2. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

3. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 9 and 13**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this 8th day of January 2025.

*Edward F. Shea*
EDWARD F. SHEA
Senior United States District Judge